IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1218-WJM

LELIA PATRICE GIBSON-GREEN,

    Plaintiff,

v.

ANDREW M. SAUL, Commissioner of the Social Security Administration,

    Defendant.

---

**ORDER VACATING AND REMANDING ADMINISTRATIVE
LAW JUDGE'S DENIAL OF SOCIAL SECURITY BENEFITS**

---

This is a Social Security benefits appeal brought under 42 U.S.C. § 405(g). Plaintiff Lelia Patrice Gibson-Green challenges the final decision of Defendant Andrew M. Saul, the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability insurance benefits. The denial was affirmed by an administrative law judge ("ALJ"), who ruled that Gibson-Green was not disabled within the meaning of the Social Security Act. This appeal followed.

For the following reasons, the ALJ's decision is vacated and this case is remanded to the Commissioner for further proceedings consistent with this Order.

## I. BACKGROUND

Gibson-Green was born on September 11, 1961 and was 54 years old on the alleged disability onset date of January 1, 2016. (Administrative Record ("R.") (ECF No. 17) at 47.) Gibson-Green graduated from high school and previously worked as a clerical worker, social service worker, and family counselor. (R. at 170–74.)

Gibson-Green applied for disability insurance benefits on June 20, 2017. (R. at 128–29.) Gibson-Green alleged that she was disabled due to the following conditions: back injuries, depression, asthma, sleep apnea, use of supplemental oxygen, follicular lymphoma, high blood pressure, neuropathy, and use of a nebulizer. (R. at 156–57.) Her application was denied on October 31, 2017. (R. at 45–46.)

## II. THE ALJ'S DECISION

After the denial of benefits, Gibson-Green requested a hearing and appeared before ALJ William Musseman. (R. at 68–69, 10–18.) On May 8, 2019, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[1] (R. at 10–18.)

At step one, the ALJ found that Gibson-Green had not engaged in substantial gainful activity from her alleged onset date of January 1, 2016. (R. at 12.)

At step two, the ALJ found that Gibson-Green suffered from the following severe impairments: degenerative disc disease, obesity, asthma, and kidney disease. (*Id.*) The ALJ did not find that any other claimed condition was a severe impairment. (*Id.*)

At step three, the ALJ found that Gibson-Green's impairments did not meet or medically equal any impairments listed in the Social Security regulations. (R. at 14.)

---

[1] The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988.) The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

2

Before proceeding to step four, the ALJ assessed Gibson-Green's residual functional capacity ("RFC"). (*Id.*) The ALJ concluded that Gibson-Green had the RFC to perform the demands of:

> light work as defined in 20 C.F.R. § 404.1567(b) except that the claimant can frequently bend, squat, and kneel. She cannot climb ladders or scaffolds or be exposed to hazardous work areas. The claimant must be allowed the use of portable oxygen at the work place.

(*Id.*)

At step four, the ALJ found that Gibson-Green had the RFC to perform her past relevant work as a family counselor, clerical worker, and social service worker. (R. at 14–18.) Accordingly, the ALJ concluded that Gibson-Green was not disabled under the Social Security Act and was not entitled to disability insurance benefits. (R. at 18.) Gibson-Green filed this action on April 30, 2020. (ECF No. 1.)

### III. LEGAL STANDARD

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* "It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. Evidence is not substantial if it is overwhelmed by other evidence in the record. *Grogan v. Barnhart*, 399 F.3d 1257, 1261–62 (10th Cir. 2005). In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). "On the other hand, if the ALJ failed to

3

apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## IV. ANALYSIS

Gibson-Green advances several grounds on which she argues the Court should vacate the ALJ's decision. (ECF No. 18 at 5–7.) Among these arguments, Gibson-Green asserts that the ALJ erred in calculating her RFC. (*Id.* at 7–8.) Finding this argument the most persuasive, the Court focuses on the ALJ's assessment of the RFC.

**A.     Assessment of the RFC**

Gibson-Green argues that the ALJ erred in evaluating her RFC because he did not assess the impact of her depression—which the ALJ classified as a "medically determinable" but not severe impairment—and instead only discussed the impact of her severe impairments in calculating the RFC. (*Id.* at 7–9.) She contends that proper consideration of her depression in the assessment "would likely have eliminated [her] past relevant work from consideration" given that it was skilled or semi-skilled work and therefore likely to be impacted by her mental health issues. (*Id.* at 9.)

In response, the Commissioner argues that the ALJ's analysis was sufficient because the ALJ states in the decision that he considered all evidence in the record. (ECF No. 19 at 9.) The Commissioner contends that this statement supports the inference that the ALJ considered Gibson-Green's depression in his RFC assessment, though he did not specifically discuss it. (*Id.*)

The "ALJ is required to consider the effect of *all* medically determinable impairments, severe or not, in calculating the claimant's RFC." *Groberg v. Astrue*, 415 F. App'x 65, 67 (10th Cir. 2011) (emphasis in original); *see also* 20 C.F.R.

4

§ 404.1520(e) ("If your impairment(s) does not meet or equal a listed impairment, we will assess and make a finding about your residual functional capacity based on all the relevant medical and other evidence in your case record."); 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity."); SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996) ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").

Moreover, the Tenth Circuit has found the cursory statement that an ALJ is considering all impairments to be insufficient where the non-severe impairments are not specifically mentioned in the decision. *See Groberg*, 415 F. App'x at 67 (finding the ALJ's RFC evaluation of a claimant's non-severe impairments to be "seriously deficient" and "unsupported by substantial evidence," where ALJ's decision briefly analyzed the medical evidence and the claimant's testimony regarding his non-severe impairments).

While the ALJ acknowledged that he was bound to consider medically determinable impairments and that he had factored such impairments into his analysis, the decision reveals no discussion of the impact of Gibson-Green's depression on her ability to work in her prior positions. (*See* R. at 15–18.) This omission is not inconsequential because, as Gibson-Green notes, these employment positions were classified as either "skilled" or "semi-skilled," and therefore may be more intellectually intensive such that mental illness impacts her ability to perform them.

5

In *Groberg*, the plaintiff similarly had mental illnesses such as depression, which the ALJ deemed medically determinable. *Groberg*, 415 F. App'x at 67–69. The ALJ did not specifically consider the claimant's mental illnesses in assessing his RFC, however, because the ALJ concluded that the mental illnesses were not severe impairments. *Id.* at 67–68. The Tenth Circuit vacated the ALJ's decision and remanded the case, holding that the ALJ must specifically consider how the plaintiff's non-severe impairments impacted the RFC. *Id.* at 67–68. Thus, an ALJ must conduct an in-depth analysis of the potential limitations of medically determinable impairments; failure to do so is error warranting remand. *See id.* at 73.

Regardless of whether the ALJ implicitly considered Gibson-Green's depression in his analysis, his RFC assessment did not contain specific analysis of and reference to any non-severe medically determinable impairments, such as her depression. (*See* R. at 14–18.) Accordingly, the Court will vacate the ALJ's decision and remand the case for further proceedings consistent with this Order.

**B.     Remand**

To the extent the Court has not addressed the other arguments asserted by Gibson-Green, the Court expresses no opinion on the arguments and neither party should take the Court's silence as tacit approval or disapproval. The Court encourages the parties and the ALJ to fully consider the evidence and all issues raised anew on remand.

## V. CONCLUSION

For the reasons set forth above, the Commissioner's decision is VACATED and

6

this case is REMANDED to the Commissioner for further proceedings consistent with this Order. The Clerk shall enter judgment accordingly and shall terminate this case.

Dated this 20th day of May, 2021.

BY THE COURT:

William J. Martinez
United States District Judge